UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. TIMOTHY C. STANCEU, SENIOR JUDGE

| | |
|---|---|
| NUTRICIA NORTH AMERICA, INC., : | |
| : | |
| Plaintiff, : | Court No. 16-00008 |
| : | |
| v. : | |
| : | |
| UNITED STATES, : | |
| : | |
| Defendant. : | |

## ORDER

Upon reading Plaintiff's consent motion to reopen expert discovery for the limited purpose of providing a new expert report by Dr. Jonah Essers and allow his deposition by the government; and upon consideration of other papers and proceedings had herein; it is hereby

ORDERED that Plaintiff's Motion be, and hereby is, GRANTED; it is further

ORDERED that Plaintiff shall submit a new expert report by Dr. Jonah Essers to Defendant by May 27, 2022 limited to the five issues on which the first expert opined; it is further

ORDERED that Defendant shall depose Plaintiff's new expert, Dr. Jonah Essers, by July 15, 2022; and it is further

ORDERED that Plaintiff shall file a Motion to Withdraw its Motion for Summary Judgment filed on January 21, 2022 within ten (10) days of this Order, and it is further

ORDERED that the parties shall submit a joint status report with a new proposed scheduling order within ten (10) days of this Order.

                                                                            _____
                                                                            TIMOTHY C. STANCEU, SENIOR JUDGE

Dated: New York, NY
       This _____ day of _____, 2022

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. TIMOTHY C. STANCEU, SENIOR JUDGE

| | |
|---|---|
| NUTRICIA NORTH AMERICA, INC., | : |
| Plaintiff, | : Court No. 16-00008 |
| v. | : |
| UNITED STATES, | : |
| Defendant. | : |

**PLAINTIFF'S CONSENT MOTION TO REOPEN EXPERT DISCOVERY**

Plaintiff, Nutricia North America, Inc. (Nutricia), pursuant to Rules 1, 6(b), 7, and 16 of the United States Court of International Trade, hereby moves this Court to reopen discovery, permit new expert witness discovery of their newly retained expert witness, Dr. Jonah Essers, withdraw Plaintiff's Motion for Summary Judgment which was based in part on the medical opinion of their former expert, Dr. Joel Lavine and his medical practice, and file a new Motion for Summary Judgment. This motion is made as a consequence of unforeseeable events related to plaintiff's prior designated expert, Dr. Joel Lavine, which only recently came to light and constitute good cause for this request.

Motions to modify a schedule are governed by USCIT Rule 16, which provides that "[a] schedule may be modified only for good cause and with the judge's consent." "When assessing whether good cause has been shown, 'the primary consideration is whether the moving party can demonstrate diligence.'" *High Point Design LLC v. Buyers Direct, Inc.*, 730 F. 3d 1301, 1319 (Fed. Cir. 2013) (quoting *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007) (citations omitted). Rule 16(b), in allowing modifications of scheduling orders only for good cause,

provides a trial court discretion to prevent prejudice or hardship to either side. *Shamrock Bldg. Materials, Inc. v. United States*, 540 F. Supp. 3d 1351, 1353, (CIT 2021).

On January 21, 2022, Plaintiff filed its Motion for Summary Judgment on the five medical food products at issue in this case. Defendant's Response and Cross-Motion for Summary Judgment were due on April 11, 2022. On March 14, 2022, while preparing its brief in this matter, the Government discovered that plaintiff's expert witness, Dr. Joel Lavine, a pediatric gastroenterologist still on the payroll at Columbia University, was convicted of sexually abusing an adult former patient. *The People of the State of New York vs. JOEL LAVINE*, Case No. 02855-2019. All parties were unaware of the arrest, indictment and conviction of Dr. Lavine, who was sentenced on February 18, 2022. *Id.*

On the day of its discovery, counsel for the Government notified Plaintiff's counsel of Dr. Lavine's conviction. Plaintiff's counsel immediately notified their client and discussed with Nutricia how their client would like to proceed. Thereafter, Plaintiff's counsel discussed with the government whether they would consent to reopening expert discovery, allowing Plaintiff to find a new medical expert witness for their case, and withdraw their Motion for Summary Judgment and file a new motion, to which the government agreed. The parties believed this is the best and most efficient course of action to ensure that the underlying tariff classification issues involving infant and children's medical foods are not unnecessarily tainted or distracted by Dr. Lavine's conviction. On March 24, Defendant, with Plaintiff's consent, filed a motion to suspend the Defendant's briefing in response to Plaintiff's Motion for Summary Judgment, and requesting that either party may move to reopen expert discovery on or before April 25, 2022. On March 25, 2022, the Court granted Defendant's Motion to Stay. In accordance with that court order, Plaintiff files this Consent Motion to Reopen Discovery.

District courts have the power to modify the timing of expert witness disclosures. Fed. R. Civ. P. 26(a) (A party must make these disclosures at the times and in the sequence that the court orders.). And when a procedural question arises that is not covered by the CIT's rules arises, the court may prescribe the procedure to be followed in any manner not inconsistent with the court's rules. USCIT R. 1. In this case, the complete surprise of the events surrounding Plaintiff's medical expert could not reasonably be anticipated by the parties. There is no prejudice to Defendant in reopening expert discovery because it has not yet filed its brief in this matter. Moreover, Plaintiff has acted diligently and with all haste in seeking to resolve this issue. On March 25, 2022, within ten business days of being notified by Defendant of the conviction of their first medical expert and the events leading to it, Plaintiff sought and retained a new medical expert, Dr. Jonah Essers, to review the imported products at issue in this case. Plaintiff's Motion to Reopen Discovery is limited to allowing the proposed new expert to issue an opinion to the five subject areas on which the first expert had opined:

1. The expectation(s) of the ultimate purchasers regarding the products;
2. The general physical characteristics of the merchandise;
3. The use of the merchandise; and
4. Any recognition in the trade of its use; and
5. Whether any of these products are suitable for persons with disabilities. And if so, what disabilities do these products treat.

Rule 16 allows a party to obtain a modification of a scheduling order for good cause and with the judge's consent. Because of the wholly unforeseen events, Plaintiff respectfully requests that it be permitted to reopen expert discovery to permit a new expert opinion be drafted, that the

government be permitted to depose the new expert on the above limited matters on which the first expert offered an opinion.

On April 21, 2022, undersigned counsel conferred with Mr. Guy Eddon, counsel for the Government, who indicated that on behalf of his client he consents to the relief requested by this motion.

WHEREFORE, Plaintiff respectfully requests that:

(1) Plaintiff be allowed to reopen discovery for the limited purpose of substituting a new medical expert witness, Dr. Jonah Essers, and that the new medical expert be permitted to offer his opinions in an expert report with an accompanying expert deposition on the same topics as Plaintiff's initial expert Dr. Lavine; and

(2) that the Court set the following schedule in light of this expert witness substitution:

- May 27, 2022 – Plaintiff submit new expert opinion of Dr. Jonah Essers to the Government;

- July 15, 2022 – Deadline by which the government may depose Plaintiff's new expert, Dr. Jonah Essers; and

- If the Court grants this motion, then Plaintiff shall file a Motion to Withdraw its Motion for Summary Judgement and the parties shall file a joint status report with a new proposed scheduling order within ten (10) days of the Court's Order.

For these reasons, Plaintiff respectfully requests that its motion be granted.

Respectfully submitted,

John B. Brew
Alex Schaefer
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
jbrew@crowell.com

            /s/Frances P. Hadfield
            Crowell & Moring LLP
            590 Madison Avenue
            20th Floor
            New York, NY 10022
            fhadfield@crowell.com

Dated:  April 22, 2022
New York, New York